TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2008-SC-000768-KB

FINAL

DATE 3/31/09 Kelly Klaber D.C.

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                                    IN SUPREME COURT

STEVEN O. THORNTON                                    RESPONDENT

## OPINION AND ORDER

Complainant, the Kentucky Bar Association ("KBA"), pursuant to SCR 3.370(8), has filed notice for this Court to review the Board of Governors' ("Board") recommended discipline against, Respondent, Steven O. Thornton, KBA Number 70895. Respondent also requests pursuant to SCR 3.370(8) that this Court review the Board's recommended discipline. The Board found Respondent guilty of violating SCR 3.130-1.5(b) (failure to explain his fee structure to a first-time client) but failed to reach the required number of guilty votes to find Respondent guilty of violating SCR 3.130-1.16(d) (failure to refund unearned fee at termination) and SCR 3.130-8.1(b) (failure to respond to a demand for information from a disciplinary authority). For being found guilty of SCR 3.130-1.5(b) the Board recommended Respondent be sanctioned with a public reprimand and be required to attend the Kentucky Bar Association Bar Counsel ethics school. We now affirm the Board's findings and recommended

punishment except for additionally finding Respondent guilty of violating SCR 3.130-8.1(b).

The charges against Respondent stemmed from his representation of Heather Meurer in a child custody matter in June 2005. Meurer paid Respondent $1,000 for his representation. The record indicates that no written retention agreement was executed and Meurer was not informed that the fee was non-refundable. After some initial services were provided by Respondent, he informed Meurer that her chances of success in the matter were limited. Meurer decided not to pursue the matter further.

Meurer then requested the refund of any unearned fee from Respondent. Respondent, in a letter dated February 5, 2007, indicated that Meurer had a credit balance of $590.50, that there was no record of a signed contract in her file, and that Respondent's "normal retainer fee is a non-refundable charge of $1500 and he bills his time at $150 per hour plus any fees that are required to be paid." Respondent failed to return the unearned fee to Meurer until June 2007.

Meurer filed a bar complaint against Respondent in April 2007. The complaint was mailed to Respondent via certified mail. Someone other than Respondent personally signed the document signifying receipt of the complaint. Respondent did not submit a response. When a response was not received, the Warren County Sheriff's Office personally served the complaint. A reminder letter was later sent to Respondent via certified mail. Someone else signed for

the letter and Respondent again did not respond. The Warren County Sheriff's Office ultimately served the reminder letter on Respondent.

The Inquiry Commission issued a three-count Charge against Respondent on March 5, 2008, charging him with violations of SCR 3.130-1.16(d), 3.130-1.5(b), and 3.130-8.1(b). The charge was sent to Respondent via certified mail, but the envelope was returned to the KBA as unclaimed. The case was presented to the Board as a default case pursuant to SCR 3.210(1) in September 2008. Respondent then filed several motions requesting that this matter be remanded for consideration with several other pending disciplinary matters, to have oral arguments in this matter, or in the alternative to at least allow him to file briefs. The Board denied all three motions unanimously.

The Board recommended that Respondent be found guilty of violating SCR 3.130-1.5(b) by a vote of twelve to one, but failed to reach the required number of votes needed for a guilty finding on the other violations. A majority of the Board then recommended that Respondent be publically reprimanded for his violation of SCR 3.130-1.5(b) and that he attend the KBA Bar Counsel ethics school.

"The findings of fact by the . . . Board of Governors in a disciplinary proceeding are advisory only." Kentucky Bar Ass'n v. Berry, 626 S.W.2d 632, 633 (Ky. 1981). "Final decisions of guilt and punishment can only be made by the Supreme Court, and it is done on the basis of a de novo consideration of pleadings and trial review." Kentucky Bar Ass'n v. Jones, 759 S.W.2d 61, 64 (Ky. 1988). Upon reviewing the record, we affirm the Board's findings and

recommended punishment except for additionally finding Respondent guilty of violating SCR 3.130-8.1(b).

It is clear from the record developed that Respondent did not adequately inform Meurer of his fee structure and is thus guilty of violating SCR 3.130-1.5(b). Respondent has not produced any written fee agreement with Meurer, nor has he argued that one existed. Respondent has actually produced no evidence to indicate that he properly informed Meurer of the agreement. Respondent has argued that his past use of non-refundable retainers proves his good faith belief that Meurer's retainer was non-refundable. However, his argument fails because a violation of SCR 3.130-1.5(b) is dependent on the attorney *failing to inform his client* of the fee agreement. Respondent's belief has no bearing on this alleged ethical violation. We thus, affirm the Board's recommendation finding Respondent guilty of violating SCR 3.130-1.5(b).

The Board's recommendation finding Respondent not-guilty of violating SCR 3.130-1.16(d) is reasonable in light of the undeveloped record. While Respondent failed to immediately return his unearned fee to Meurer until after she filed a bar complaint, there is nothing in the record to indicate that Respondent purposefully tried to avoid returning her fee. If Respondent believed in good faith that the fee was non-refundable, as he claims, then we would be hard pressed to find that he committed an ethical violation by not returning it sooner. While it is true that Respondent did attempt to delay the KBA in investigating this matter, the KBA has failed to produce enough evidence to conclusively show that Respondent violated SCR 3.130-1.16(d).

4

Since the record was not adequately developed on this point, we affirm the Board's recommendation finding Respondent not-guilty of violating SCR 3.130-1.16(d).

Finally, the record indicates conclusively that Respondent did violate SCR 3.130-8.1(b) by failing to respond to requests from the KBA for information regarding the ethics charges. Multiple times Respondent received documents from the Inquiry Committee which requested information from him so that the charges could be properly investigated. Respondent never provided any information and only attempted to file a brief once the matter reached the Board. We construe that lack of diligence as an attempt to delay the KBA from investigating the charges against Respondent. The KBA's ability to properly investigate disciplinary matters requires compliance with its reasonable requests for information. We have no choice but to find Respondent guilty of violating SCR 3.130-8.1(b). See Kentucky Bar Ass'n v. Leadingham, 269 S.W.3d 419, 421 (Ky. 2008).

However, while we find Respondent guilty of violating both SCR 3.130-1.5(b) and SCR 3.130-8.1(b), we see no need to increase the punishment as recommended by the Board. A single violation of SCR 3.130-8.1(b) has previously warranted the sanction of a public reprimand. Kentucky Bar Ass'n v. Beal, 169 S.W.3d 860 (Ky. 2005). The Board's initial recommendation was to sanction Respondent with a public reprimand. Since Respondent is already receiving a public reprimand we see no need to increase his sanction.

Thus it is ORDERED that:

1) Respondent, Steven O. Thornton, KBA Number 70895, 1011 Lehman Avenue, Suite 102, Bowling Green, KY 42103, is adjudged guilty of violating SCR 3.130-1.5(b) and SCR 3.130-8.1(b) and is hereby publicly reprimanded;

2) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him for which execution may issue from this Court upon finality of this Opinion and Order.

Abramson, Cunningham, Noble, Schroder, Scott, and Venters, J.J., sitting. Minton, C.J., not sitting.

ENTERED: March 19, 2009.

_____
DEPUTY CHIEF JUSTICE