**Michael D. LUTES, Movant,.**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 2011–SC–000148–KB.

Supreme Court of Kentucky.

May 19, 2011.

As Corrected June 1, 2011.

## OPINION AND ORDER

Movant, Michael D. Lutes, pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceeding against him (KBA File No. 17430) by imposing a public reprimand with some conditions as negotiated with Bar Counsel for the Kentucky Bar Associ- ation (KBA). For the following reasons, the motion is granted.

Movant was admitted to the practice of law in the Commonwealth of Kentucky on June 22, 1982; his KBA member number is 42730. Movant's bar roster address is 5088 Old Taylor Mill Road, Suite 215, Tay- lor Mill, Kentucky 41015. Movant is cur- rently suspended from the practice of law, pursuant to order of this Court entered December 28, 2009, for non-payment of bar dues for the 2009–2010 year.

In June 2008, Movant was retained by Tyler and Amanda Galer to represent them in an action dealing with visitation of Tyler's biological daughter. The Galers paid Movant $375 for the representation. After the representation began, the Galers had difficulty reaching Movant and eventu- ally asked that he refund their money. In March 2009, the Galers filed a bar com- plaint, to which Movant responded and admitted that he was "too busy to handle the case and . . . should not have taken it." He also acknowledged that he did no work on the case between June 2008 and March 2009 and that he did not refund the money until the bar complaint was filed. He also admitted that the refund check was drawn on his operating account, rather than his escrow account.

Movant admits that he took no action in the case for several months, failed to com- municate with his clients, placed the $375 in his own account before he earned it, failed to give a refund on request, and failed to return the unearned fee upon termination of the representation. Movant now admits that his conduct violated the requirements of SCR 3.130–1.3, which stat- ed prior to the 2009 amendment that "a lawyer shall act with reasonable diligence and promptness in representing a client"; that he violated SCR 3.130–1.4(a), which read prior to 2009 that "a lawyer should keep a client reasonably informed about

the status of a matter and promptly comply with requests for information"; that he violated SCR 1.130–1.4(a), which read prior to 2009 that "[a] lawyer shall hold property of a client ... separate from the lawyer's own property"; that he violated SCR 3.130–1.15, which read prior to 2009 that "a lawyer shall promptly deliver to the client ... any funds or property that the client ... is entitled to receive and, upon request ..., shall promptly render a full accounting regarding such property"; and that he violated SCR 3.130–1.16(d), which read prior to 2009 that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as ... refunding any advance payment of a fee that he has not earned."

To conclude the disciplinary proceedings, Movant negotiated a sanction with the KBA's Office of Bar Counsel. The negotiated sanction includes a public reprimand and would require Movant to attend and successfully complete the KBA's Ethics and Professionalism Enhancement Program, which is anticipated to be seven hours, and receive a passing score on the exam given at the end of the program, within one year, and bar Movant from seeking and receiving CLE credit for the program. The recommendation is that if Movant fails to comply with any of the terms, the reprimand will become a thirty-day suspension upon motion of the Office of Bar Counsel.

The negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed...." SCR 3.480(2). Upon receiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, the KBA has stated that it has no objection to the sanction proposed by Movant, citing *Riley v. Kentucky Bar Association*, 262 S.W.3d 203 (Ky.2008), and *Richards v. Kentucky Bar Association*, 181 S.W.3d 556 (Ky.2005), as similar cases with similar outcomes. According to the KBA, the Chair of the Inquiry Commission and the Immediate Past President of the KBA have reviewed and approved the sanction proposed by Movant.

However, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." SCR 3.480(2). After reviewing the allegations, the cases cited by the parties, and Movant's disciplinary record, which includes a private reprimand in 2009 for similar conduct and ongoing suspension for failure to pay bar dues since 2009, this Court concludes that the discipline proposed by Movant is adequate.

### Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant, Michael D. Lutes, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and is publicly reprimanded for those violations.

2. Movant shall attend and successfully complete the KBA's Ethics and Professionalism Enhancement Program, which is anticipated to be seven hours long, successful completion of which requires receiving a passing score on the exam given at the end of the program, within one year of this order. The requirement to attend this program is separate from and in addition to any other CLE requirements imposed by Court rule or order.

3. Movant may not apply for CLE credit of any kind for the KBA's ethics program. Movant must furnish a release

and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the program to allow the Office of Bar Counsel to verify that none of the hours are reported for CLE credit.

4. If Movant fails to comply with any of these terms, including failure to attend and successfully completing the KBA's ethics program, the public reprimand will become a thirty-day suspension upon motion of the Office of Bar Counsel to this Court.

5. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $80.82, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 19, 2011.

/s/ John D. Minton, Jr.
    Chief Justice