Steven Joseph MEGERLE, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2012–SC–000011–KB.

Supreme Court of Kentucky.

Feb. 23, 2012.

---

***OPINION AND ORDER***

Steven Joseph Megerle, Kentucky Bar Association (KBA) Member No. 90675, bar roster address 618 Washington Street, Covington, Kentucky 41011, was admitted to practice law in Kentucky in 2005. The Inquiry Commission issued a two-count Charge against Megerle in October 2009 (KBA File No. 17289), alleging violations of Kentucky Supreme Court Rules of Professional Conduct (SCR) 3.130–1.3 and

---

**65.** The Board voted 17–0 in favor of a public reprimand.

**66.** *KBA v. Geisler,* 938 S.W.2d 578 (Ky.1997); *Howes v. KBA,* 214 S.W.3d 319 (Ky.2007).

3.130–8.3(c).[1] This Charge was amended to a three-count First Amended Charge, alleging violations of SCR 3.130–1.3, 3.130–1.4(a), and 3.130–1.4(b). In September 2009, the Inquiry Commission filed another Charge against Megerle (KBA File No. 17528), alleging a violation of SCR 3.130–8.3(b). The two Charges are consolidated into KBA File No. 17289.

The facts appear to be uncontested. Megerle admits that he violated SCR 3.130–1.3, 3.130–1.4(a), 3.130–1.4(b), and 3.130–8.3(b). He moves the Court to impose the sanction of a public reprimand, with costs. The KBA does not object to the motion.

### I. KBA FILE NO. 17289.

Elizabeth Martinez was injured in an automobile accident in June 2006. In October 2006, Martinez retained Megerle to represent her in connection with the accident. Megerle sent two letters in February and March 2007, one to Martinez's insurance company and one to the other driver's insurance company, to notify the adjusters that he was representing Martinez. Megerle requested copies of Martinez's medical and billing records in May 2007. And, in November 2007, Megerle received a $5,000 settlement offer from the other driver's insurance company. Megerle conveyed that offer to Martinez but without providing specifics. Megerle took no further action regarding Martinez's personal injury claim.

While Megerle represented her, Martinez had not yet met any of the no-fault thresholds required by Kentucky Revised Statutes (KRS) 304.39–060 before a tort suit arising from an automobile accident can be filed. But Megerle did not explain to Martinez the threshold requirements of KRS 304.39–060 or why he had not filed suit. Martinez believed Megerle had filed a personal-injury suit on her behalf. And when she discovered that no suit was filed, Martinez discharged Megerle; and he released her file to her in April 2008.

The First Amended Charge alleges violations of

1) SCR 3.130–1.3, by taking no action on Martinez's case for over a year, other than mailing letters in the spring of 2007 and conveying a settlement offer to her in November 2007;

2) SCR 3.130–1.4(a), by not keeping Martinez reasonably informed about the status of her case and by not informing her of the requirements of KRS 304.39–060; and

3) SCR 3.130–1.4(b), by not sufficiently explaining the no-fault statute requirements to Martinez to permit her to make informed decisions concerning his representation of her.

### II. KBA FILE NO. 17528.

In the fall of 2008, Megerle, a Covington City Commissioner, assisted with the election campaign of Craig Johnson, a candidate for a vacant seat on the Commission. Megerle contributed $100 cash toward the creation and distribution of an anonymous campaign pamphlet advocating the defeat of Shawn Masters, Johnson's opponent in the election. The pamphlet did not disclose who was paying for the pamphlet. Megerle and another individual distributed these pamphlets in certain Covington neighborhoods.

In April 2009, in the case of *Commonwealth v. Steven J. Megerle*, Kenton District Court, Case No. 09–M–02076, Megerle pleaded guilty to Conspiracy to Fail to

---

1. The events that gave rise to this matter occurred before the July 2009 amendments to the Kentucky Rules of Professional Conduct went into effect. So we apply the Kentucky Rules of Professional Conduct in effect before July 2009.

Identify Campaign Contributors and Advertisers and entered an *Alford*[2] plea to Conspiracy to Violate Campaign Finance Restrictions, both Class A misdemeanors. Megerle received a sentence of twelve months' imprisonment, conditionally discharged for one year; was required to pay a $500 fine; and was placed on non-reporting probation for one year.

The Commission issued a one-count Charge, alleging Megerle violated SCR 3.130–8.3(b) by committing the campaign law misdemeanors to which he pleaded guilty.

### III. CONCLUSION.

Megerle admits he violated SCR 3.130–1.3, 3.130–1.4(a), 3.130–1.4(b), and 3.130–8.3(b). Under SCR 3.480(2), Megerle and the KBA agreed to a negotiated sanction of a public reprimand and payment of all costs of these proceedings. The KBA is not recommending attendance at the Office of Bar Counsel's Ethics Professionalism and Enhancement Program (EPEP) because Megerle attended EPEP in April 2011, after the misconduct that is the subject of these proceedings occurred. And Megerle indicated to the KBA that attending EPEP has benefited him in his practice.

So we agree that a public reprimand and imposition of all costs associated with these proceedings is the appropriate penalty. For the foregoing reasons, the Court ORDERS:

1) Steven Joseph Megerle, KBA Member No. 90675, is guilty of all charges alleged in KBA Consolidated File No. 17289;

2) Megerle's Motion for Public Reprimand is granted; and he is hereby issued a public reprimand for viola-

tion of SCR 3.130–1.3, 3.130–1.4(a), 3.130–1.4(b), and 3.130–8.3(b); and

3) Under SCR 3.450, Megerle is ordered to pay all costs associated with this disciplinary proceeding, in the amount of $79.75, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: February 23, 2012.

/s/ John D. Minton, Jr.
  Chief Justice

---

**2.** *North Carolina v. Alford*, 400 U.S. 25, 91   S.Ct. 160, 27 L.Ed.2d 162 (1970).