**David L. DRAKE, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2013–SC–000721–KB.

Supreme Court of Kentucky.

Nov. 21, 2013.

## OPINION AND ORDER

David L. Drake, KBA No. 19043, was admitted to the practice of law in the Commonwealth of Kentucky on October 1, 1978, and his bar roster address is listed as 300 Madison Ave., Suite 200, Covington, KY 41011. He moves this Court to impose the sanction of public reprimand for his violations of SCR 3.130–1.1, SCR 3.130–1.3, and SCR 3.130–1.4(b). The Kentucky Bar Association has no objection, as the

1. SCR 3.130–1.1 provides that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and

parties have agreed to a negotiated sanction pursuant to SCR 3.480(2).

Drake represented Richard Cecil in a social security benefits claim. On June 2, 2009, Drake signed a request for reconsideration of an earlier adverse determination as Cecil's attorney representative. On July 3, 2009, Drake and Cecil signed and submitted an Appointment of Representative form that was received by the agency on November 13, 2009. However, on August 26, 2009, the Social Security Administration sent a letter advising of a termination of benefits and informing Mr. Cecil that he had sixty (60) days in which to request a hearing. Drake untimely filed a request for the hearing.

However, on December 8, 2009, the Administrative Law Judge in charge of Mr. Cecil's social security matter sent a letter advising that he would have an additional fifteen (15) days to show good cause for the late filing of the request for reconsideration stating: "If good cause is not established, I will dismiss your hearing."

On December 18, 2009, Drake met with Cecil and provided him with a document containing the handwritten words: "Filed untimely because. . . ." Drake instructed Cecil to complete the document and file it with the Social Security Administration. Drake did not provide Cecil with any type of guidance or specific information as to what would qualify as good cause for untimely filing. Cecil's social security claim was eventually dismissed.

A three-count charge was filed by the Inquiry Commission against Drake: (1) Count I charges Drake with violating SCR 3.130–1.1,[1] (2) Count II charges

preparation reasonably necessary for representation." Drake denies that he violated this rule by failing to adequately follow through in a social security benefits matter with regard

Drake with violating SCR 3.130–1.3,[2] and (3) Count III charges Drake with violating SCR 3.130–1.4(b).[3] Drake acknowledges that he engaged in the conduct charged in Counts II and III, but denies that he violated SCR 3.130–1.1 as charged in Count I.

In light of his admissions, Drake and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2) which would dismiss Count I and impose a public reprimand. *See Megerle v. Kentucky Bar Ass'n*, 361 S.W.3d 316 (Ky.2012) (imposing a public reprimand for violations of SCR 3.130–1.3, 1.4(a) & (b)); *Lutes v. Kentucky Bar Ass'n*, 338 S.W.3d 278 (Ky.2011) (imposing a public reprimand conditioned upon completion of the Ethics and Professionalism Enhancement Program for violation of SCR 3.130–1.3, 1.4(a) & (b) and 3.4(c)). Agreeing that the negotiated sanction proposed by Drake is appropriate, it is ORDERED:

1. Movant, David L. Drake, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct charged in Counts II and III and is publicly reprimanded for those violations; Count I is dismissed.
2. In accordance with SCR 3.450, Drake is directed to pay all costs associated with these disciplinary

proceedings against him, said sum being $96.17, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 21, 2013.

/s/ John D. Minton, Jr.
    Chief Justice

to the untimely submission of a request for reconsideration and the subsequent requirement to demonstrate good cause for the late submission of a request for reconsideration, fully knowing the consequences to his client of untimely compliance.

2. SCR 3.130–1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Drake admits that he violated this rule by failing to assist his client in the timely submission of a request for reconsideration and the later requirement to demonstrate good cause for the late submission of the request for reconsideration.

3. SCR 3.130–1.4(b) provides that "[a] lawyer shall explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Drake admits that he violated this rule by failing to provide his clients appropriate guidance as to what would constitute good cause for the late filing of a request for reconsideration in a social security benefits matter, fully knowing that the client's claim for benefits would be denied if the requirement were not timely met.