TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-000706-KB

FINAL
DATE 3/3/20

*a Nutihersa*

HAROLD WAYNE ROBERTS

V.                                    IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                              RESPONDENT

## OPINION AND ORDER

Harold Wayne Roberts (Roberts), whose bar roster address is 3229 Polo Club Boulevard, Lexington, Kentucky 40509, KBA Member Number 84534, desires to terminate Kentucky Bar Association (KBA) proceedings against him by moving this Court, pursuant to Supreme Court Rule (SCR) 3.480(2), to impose a sanction of a Public Reprimand, subject to the conditions set forth below. The KBA has no objection to Roberts's request. For the following reasons, the motion is granted.

### I. BACKGROUND

In the summer of 2012, Roberts was approached by Complainant to represent her minor son who had suffered a fracture at the base of his thumb while at daycare. Complainant sought Roberts's representation to potentially

pursue legal action against the daycare. Roberts did not explain the exact nature of his representation or the precise scope of his representation to the Complainant. There was no Contract for Representation, Fee Agreement, or other type of document executed outlining the nature and scope of Roberts's representation or how fees would be assessed.

In May 2014, the Complainant's son suffered another hand injury while roller-skating at daycare. During 2014, 2015, and 2016 Roberts made several attempts to negotiate with the insurance carrier for the daycare, but these attempts were unproductive. In 2016, the child suffered another injury to the same wrist, leading Roberts to question whether the child had reach maximum medical improvement.

A subsequent attempt to settle with the insurance company in January 2018 was also unsuccessful. A few months later, upset with the lack of progress on the case over the previous six years, Complainant filed a Bar Complaint against Roberts.

The Inquiry Commission issued a two count charge against Roberts on August 7, 2019 alleging violations of SCR 3.130(1.1) (competence), SCR 3.130(1.3) (diligence), SCR 3.130(1.5)(b) (communication of the scope of representation and fee agreement), and SCR 3.130(1.5)(c) (contingent fee agreements). The parties agree that the allegations of violations of SCR 3.130(1.1), SCR 3.130(1.3), and SCR 3.130(1.5)(c) should be dismissed. Roberts admits to violating SCR 3.130(1.5)(b), which states in pertinent part, "The scope of the representation and the basis or rate of the fee and expenses

2

for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation." Roberts admits he violated this Rule by failing to adequately communicate the scope of representation and fee arrangement to his client.

Roberts requests that this Court impose a public reprimand in an effort and desire to dispense of any further proceedings for these violations. Roberts agrees that he will attend, at his own expense, the next scheduled Ethics and Professionalism Enhancement Program offered by the Office of Bar Counsel. Roberts further agrees that if he fails to comply with the terms of this discipline, upon motion of the KBA, this Court may impose a sanction more significant than a public reprimand. Finally, Roberts agrees to pay all costs associated with the investigation and prosecution of this proceeding, pursuant to SCR 3.370. The KBA has no objection to Roberts's proposed resolution of his matter.

## II. ANALYSIS

Roberts admits that he violated SCR 3.130(1.5)(b) and requests a public reprimand with conditions as the appropriate sanction. The KBA has no objection. Roberts has two previous disciplinary cases—a private admonition in 2002 for violations of SCR 3.130(1.3) and a private admonition in 2011 for violations of SCR 3.130(1.15) and SCR 3.130(5.3). He has been licensed to practice law in the Commonwealth of Kentucky since October 16, 1992.

Our Rules permit the KBA and a member of the bar to agree to a negotiated sanction.

> Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court which states such agreement, and serve a copy upon Bar Counsel, who shall, within 10 days of the Clerk's notice that the motion has been docketed, respond to its merits and confirm its agreement . . . . The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand.

SCR 3.480(2).

The KBA consents to a public reprimand with conditions, and to support the negotiated sanction, the KBA cites to *Kentucky Bar Association v. Thornton*, 279 S.W.3d 516 (Ky. 2009). In that case, Thornton was found guilty by this Court of violating SCR 3.130(1.5)(b) for failing to inform a client of his fee structure and SCR 3.130(8.1)(b) for failing to respond to requests from the KBA for information regarding the ethics charges. He was sanctioned with a public reprimand.

The KBA also cites to *Rasner v. Kentucky Bar Association*, 57 S.W.3d 826 (Ky. 2001) to support the negotiated sanction. Rasner was found guilty of violating SCR 3.130(1.5)(a) for pursuing a one-third contingent fee to recover the insurance proceeds arising out of a motor vehicle accident and SCR 3.130(1.5)(c) for failing to have a written contingent fee contract with his client. This Court imposed the sanction of a public reprimand on Rasner.

The KBA cites to these cases to demonstrate that a public reprimand is an appropriate sanction. After reviewing the facts and relevant caselaw, we

agree with Roberts and the KBA that a public reprimand with conditions is appropriate here.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.  Harold Wayne Roberts is found guilty of violating SCR 3.130(1.5)(b) and is hereby publicly reprimanded for unprofessional conduct.

2.  Roberts will attend, at his expense, and successfully complete the next available Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel (OBC) for purposes of remedial education regarding his ethical obligations.

3.  Roberts will not apply for Continuing Legal Education (CLE) credit of any kind for his attendance at EPEP. Moreover, Roberts will furnish a release and waiver to the OBC to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until after he completes remedial education so OBC may verify that he has not reported any hours to the CLE Commission taken as remedial education.

4.  If Roberts fails to comply with any of the terms of discipline as set forth herein, including failure to attend EPEP, the OBC may immediately move this Court to impose a sanction more significant than a public reprimand.

5.   In accordance with SCR 3.450, Roberts is directed to pay the costs of this action in the amount of $60.60 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: February 20, 2020.

_____
CHIEF JUSTICE