TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0281-KB

IN RE: HAROLD WAYNE ROBERTS

**IN SUPREME COURT**

**OPINION AND ORDER**

Harold Wayne Roberts was admitted to the practice of law in the Commonwealth of Kentucky on October 16, 1992. His Kentucky Bar Association (KBA) number is 84534, and his bar roster address is 3229 Polo Club Boulevard, Lexington, Kentucky 40509. Roberts has filed a motion pursuant to Supreme Court Rule (SCR) 3.480(2)[1] to impose the negotiated sanction of a public reprimand with conditions. After review, this Court approves of the negotiated sanction with conditions as ordered below.

---

[1] That rule provides:

The Court may consider negotiated sanctions of disciplinary investigations, complaints or charges prior to the commencement of a hearing before a Trial Commissioner under SCR 3.240. Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court which states such agreement . . . The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand.

## I. Basis for Disciplinary Charges

**A. 24-DIS-0133**

In Spring 2022, Jo Ann Bell hired Roberts to represent her son Camden Bell in a criminal case[2] in which he was charged with the felony offenses of murder (domestic violence) and convicted felon possession in possession of a handgun, as well as being a persistent felony offender in the first degree. Jo Ann signed a fee agreement for a total of $35,000 and paid a portion of the advance fee. Camden, who was the client, never signed the agreement. In March 2022 Roberts entered his appearance in the case and represented Camden at his arraignment. The case progressed slowly for the next year and a half, as Camden was scheduled for both competency and criminal responsibility evaluations at KCPC.[3] Eventually, the Commonwealth filed a motion for a status hearing at which time Roberts filed a motion to withdraw from the representation and scheduled his motion for the same court date: January 26, 2024.

After Roberts withdrew, Jo Ann became incredulous about whether he had earned all of the approximately $23,000 she paid him over the course of his two-year representation of Camden and asked Roberts for a refund. Roberts was under the impression that Jo Ann was asking for a refund of the full amount, and they were unable to have a productive conversation concerning the reimbursement of funds. Jo Ann filed a bar complaint against

---

[2] Franklin Circuit Court, No. 22-CR-0064.

[3] Kentucky Correctional Psychiatric Center.

Roberts in April 2024, and the Inquiry Commission issued a five-count charge against him.

Count One alleged a violation of SCR 3.130(1.3) ("A lawyer shall act with reasonable diligence and promptness in representing a client") for a lack of diligence in Roberts' representation of Camden. Roberts denied his guilt of this Count and asserted he worked very hard and effectively during the representation. The Inquiry Commission agreed to dismiss this Count.

Count Two alleged a violation of SCR 3.130(1.8)(f) ("A lawyer shall not accept compensation for representing a client from one other than the client[]") for failing to obtain Camden's informed consent after accepting payment for the representation from Jo Ann. Roberts denied his guilt of this Count and asserted that Camden was aware his mother was paying for the representation and acquiesced to it. The Inquiry Commission agreed to dismiss this Count.

Count Three alleged a violation of SCR 3.130(1.5)(f) ("An advance fee agreement shall be in a writing signed by the client evidencing the client's informed consent, and shall state the dollar amount of the fee, its application to the scope of the representation and the time frame in which the agreement will exist[]") for Roberts' failure to have Camden sign the written fee agreement for the representation. Roberts acknowledged his guilt of this Count.

Count Four alleged a second violation of SCR 3.130(1.5)(f) for declaring in the representation agreement that $10,000 of the retainer fee was "non-refundable." Roberts denied his guilt of this Count and asserted that he

3

earned well over the fee amount and had not failed to refund it. The Inquiry Commission agreed to dismiss it.

Count Five alleged a violation of SCR 3.130(1.16)(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . refunding any advance payment of fee or expense that has not been earned or incurred[]") for Roberts' failure to refund any unearned legal fees when he terminated the representation. Roberts admitted his guilt of this Count.

In sum, the Inquiry Commission found Roberts guilty of one count of SCR 3.130(1.5)(f) and one count of SCR 3.130(1.16)(d) in 24-DIS-0133.

**B. 24-DIS-0134**

Phillip Whaley was on parole for Woodford Circuit Court No. 02-CR-00033 when he was arrested for DUI and charged in Scott District Court No. 22-F-00085. The Commonwealth sought revocation of Whaley's parole, and he hired Roberts to represent him in the parole revocation proceedings. Roberts and Whaley agreed that the fee rate for the representation would be $400 per hour. The Kentucky Parole Board ultimately found that Whaley violated the terms and conditions of his parole and sentenced him to an additional eighteen months.

Whaley sold his home in anticipation of his impending incarceration. Whaley gave the $41,000 in proceeds from the sale to Roberts so that Roberts could send money to Whaley, pay Whaley's debts, and send money to other individuals, all of which Whaley would be unable to do while in prison. There

4

was no written agreement between Roberts and Whaley regarding how Roberts would be paid for providing these services. Whaley acknowledged that Roberts performed these services and is entitled to payment of a fee in some amount. Whaley further acknowledged that Roberts disbursed approximately $18,000 of the funds at his direction.

Whaley expected Roberts to return the approximately $23,000 that remained from the original $41,000 to him. Instead, Roberts sent Whaley multiple letters in September and October 2023 indicating his intent to charge $3,600 in fees and return the remaining $19,980 to Whaley. Whaley did not understand how Roberts' fee amount had been calculated, as they never entered into an agreed fee structure. Further muddying the waters, in November 2023 Roberts sent Whaley a money order for $17,500. Whaley repeatedly asked Roberts for a detailed accounting of the funds, transactions, and fees, but Roberts never provided one to him.

Whaley filed a KBA complaint against Roberts in April 2024. The Inquiry Commission issued a formal Complaint to Roberts on May 14, 2024, and thereafter issued a four-count Charge against him as follows:

Count One alleged a violation of SCR 3.130(1.5)(a)("A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses[]") for charging Whaley an unreasonable hourly fee. Roberts denied his guilt of this Count, and the Inquiry Commission agreed to dismissed it.

Count Two alleged a violation of SCR 3.130(1.5)(b)("The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation[]") for Roberts' failure to adequately communicate the basis or rate of the fee with Whaley within a reasonable time after commencing the representation. Roberts acknowledged his guilt of this Count.

Count Three alleged a violation of SCR 3.130(1.15)(a),(b) ("(a) A lawyer shall hold property of clients . . . that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. . . Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation. (b) . . . Except as stated in this Rule or otherwise permitted by law or by agreement with the client a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive and, upon request by the client, shall promptly render a full accounting regarding such property."). Robert admitted his guilt of this Count, as he failed to provide an accounting of Whaley's funds upon his request.

Count Four alleged a violation of SCR 3.130(1.16)(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . refunding any advance payment of fee or expense that has not been earned or incurred."). Roberts acknowledged his guilt of this Count for failing to return unearned funds to Whaley.

6

In sum, the Inquiry Commission found Roberts guilty of one violating one count of SCR 3.130(1.5)(b), one count of SCR 3.130(1.15)(a),(b), and one count of SCR 3.130(1.16)(d) in 24-DIS-0134.

## II. Prior Discipline, Aggravating Factors, and Mitigating Factors

### A. Prior Discipline:

Roberts has three prior disciplinary cases.  In 2002 he received a private admonition for violations of SCR 3.130(1.3).  In 2011 he received a private admonition for violating SCR 3.130(1.15) and (5.3).  And in 2020 he received a public reprimand for violating SCR 3.130(1.5)(b).  *Roberts v. Kentucky Bar Ass'n*, 599 S.W.3d 870 (Ky. 2020)

### B. Aggravating & Mitigating Factors

The OBC has identified four aggravating circumstances present in this case: Roberts' prior disciplinary history, multiple offenses, substantial experience in the practice of law, and the vulnerability of his victims.  However, there are numerous mitigating circumstances as well, in particular: Roberts' full and free disclosure and cooperation throughout these disciplinary proceedings; Roberts' positive character and reputation both inside and outside of the legal community; Roberts' expressed remorse; and the "sparseness" of his prior discipline over his thirty-three-year legal career.

Most significantly, though, Roberts has several significant and worsening medical conditions, some of which overlapped with the representations at issue in this case.  In particular, he was diagnosed with sepsis in 2022, lower intestinal bleeding in 2023, and in 2025 he was diagnosed with metastatic

prostate cancer. He has also indicated he has Type 2 diabetes and at some point suffered an acute kidney injury. Roberts has emphasized to this Court that, due to his medical issues, he has greatly reduced his overall case load and is down to six cases. He asserts that the clients in these cases are either lifelong friends or family members, and that he intends to bring his legal practice to an end.

### C. OBC's Recommendation

With particular emphasis on Roberts' declining health, his reduction in case load, and his intent to wind down his practice, OBC has no objection to a negotiated sanction of a public reprimand with conditions. It has cited *Kentucky Bar Ass'n v. Thornton*, 279 S.W.3d 516 (Ky. 2009); *Lutes v. Kentucky Bar Ass'n*, 338 S.W.3d 278 (Ky. 2011); and *Kentucky Bar Ass'n v. Delahanty*, 878 S.W.2d 795 (Ky. 1994) in support of the sanction.

In *Thornton,* this Court imposed a non-negotiated sanction of a public reprimand with conditions for the attorney's violation of one count of SCR 3.130(1.5)(b) by failing to explain his fee structure to a first-time client and one count of SCR 3.130(8.1)(b) for failure to respond to a demand for information from a disciplinary authority. 279 S.W.3d at 517. The opinion does not indicate whether the attorney had received any prior discipline.

In *Lutes,* this Court imposed a negotiated sanction of a public reprimand with conditions for the attorney's violation of one count of SCR 3.130(1.3) for failing to act with reasonable diligence and promptness; one count of SCR 3.130(1.4) for failing to keep his client reasonably informed and failing to

8

respond to requests for information; one count of SCR 1.130(1.4)(a) for failing to hold client property separate from his own; one count of SCR 3.130(1.15) for failing to provide any property or funds the client was entitled to receive and to provide an accounting of the same upon request; and one count of SCR 3.130(1.16)(d) for failing to return any unearned portion of an advanced payment of a fee. 338 S.W.3d at 278-79. The attorney's disciplinary record included private reprimand from two years prior for similar misconduct and an ongoing suspension for failure to pay bar dues. *Id.* at 279.

In *Delahanty*, this Court imposed a non-negotiated sanction of a public reprimand with conditions for the attorney's violation of one count of SCR 3.130(1.5)(a) by charging an unreasonable fee and by failing to adequately communicate the basis of the fee within a reasonable period after commencing the representation; and one count of SCR 3.130(1.16)(d) by failing to return papers and property to a client upon request. 878 S.W.2d at 795. The opinion did not state whether the attorney had any prior discipline.

### D. Order

This Court concludes, with particular emphasis on Roberts' declining health and his stated intention to wind down his legal practice, that there is no reason to reject the parties negotiated sanction and remand for further proceedings. SCR 3.480(2). It is therefore hereby ORDERED:

1. Harold Wayne Roberts is adjudged guilty of violating one count of SCR 3.130(1.5)(f), two counts of SCR 3.130(1.16)(d), one count of SCR 3.130(1.5)(b), and one count of SCR 3.130(1.15)(a),(b).

9

2. Harold Wayne Roberts is hereby publicly reprimanded subject to the conditions enumerated herein.

3. Harold Wayne Roberts shall attend the next available Trust Account Monitoring Program (TAMP) offered by the Kentucky Bar Association.

4. Harold Wayne Roberts shall pay restitution in the amount of $3,600 to Jo Ann Bell in relation to disciplinary case 24-DIS-0133 within six months of the entry of this Opinion and Order.

5. Harold Wayne Roberts shall pay restitution in the amount of $2,000 to Phillip Whaley in relation to disciplinary case 24-DIS-0134 within six months of the entry of this Opinion and Order.

6. Harold Wayne Roberts shall pay the certified costs associated with these disciplinary proceedings in the amount of $128.99 pursuant to SCR 3.450(2) within ninety days of the entry of this Opinion and Order.

7. Harold Wayne Roberts' failure to comply with any of the conditions of this Court's Order can result in additional disciplinary charges for violation of SCR 3.130(3.4)(c).

All sitting. All concur.

ENTERED: September 18, 2025.

CHIEF JUSTICE

10